MW

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Gurmit Singh,

          Petitioner,

v.

William Barr, et al.,

          Respondents.

No. CV-20-00379-PHX-SPL (DMF)

**ORDER**

Petitioner Gurmit Singh, who is detained in the Florence Service Processing Center (SPC) in Florence, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2). The Court will require Respondents to answer the Petition and respond to the Motion for Preliminary Injunction.

**I.    Background**

Petitioner is a native and citizen of India. On August 30, 2019, he entered the United States without inspection near San Luis, Arizona, and was encountered and taken into custody by the United States Department of Homeland Security (DHS) the same day. (Docs. 1-3, 1-4.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1). (Doc. 1-3.) Petitioner expressed a fear of persecution or torture if returned to India and was referred for a credible fear determination. Petitioner was then transferred and detained in the CoreCivic La Palma Correctional Center

in Eloy, Arizona. (Doc. 1-5.)

On September 17, 2019 and September 19, 2019, Petitioner received credible fear interviews. (Docs. 1 ¶ 19, 1-5, 1-6.) An asylum officer found Petitioner was credible but determined that he had not established a credible or reasonable fear of persecution or torture if removed to India.[1] (Docs. 1-5, 1-7, 1-8.) The asylum officer reasoned in part that Petitioner had "not established a reasonable fear of persecution . . . because . . . [he] could reasonably avoid persecution by relocating within [his] country," and had "not established a reasonable fear of torture . . . because [he had] not established that there is a reasonable possibility that . . . [he] would suffer severe physical or mental pain or suffering." (Doc. 1-8; *but see* Doc. 1-7 at 4.) The determination was approved by a supervisory asylum officer, and on September 24, 2019, Petitioner was ordered removed from the United States. (Docs. 1-5, 1-8)

Petitioner requested review of the credible fear determination by an Immigration Judge (IJ), and a hearing was held on September 27, 2019. (Docs. 1-8 to 1-13.) At the conclusion of the hearing, the IJ affirmed the asylum officer's credible fear determination. (*Id.*)

On October 4, 2019, Petitioner filed, through former counsel Viney Gupta, a petition for review with the Ninth Circuit Court of Appeals. *Singh v. Barr,* No. 19-72514, Doc. 1 (9th Cir. Oct. 4, 2019).[2] A temporary stay of removal was entered the same day. *Id.*
. . . .

---

[1] Petitioner was deemed ineligible for asylum pursuant 8 C.F.R. § 208.13(c)(4) on the basis that he did not apply for protection from persecution or torture in at least one country through which he transited en route to the United States, and therefore found to have "not established a significant possibility of establishing eligibility for asylum and [] received a negative credible fear of persecution determination." (Docs. 1-5 at 6; 1-7 at 5.) Consequently, Petitioner was screened only "for potential entitlement to withholding under INA [§] 241 or [Convention Against Torture] protection under a 'reasonable possibility of persecution' and 'reasonable possibility of torture' standard." (*Id.*)

[2] On October 10, 2019, Gupta was suspended from practice before the Ninth Circuit for six months and was withdrawn as counsel. *Singh v. Barr,* No. 19-72514, Doc. 5 (9th Cir. Nov. 19, 2019). Alternate counsel later filed a notice of appearance on Petitioner's behalf before the Ninth Circuit. *Id.*, Doc. 14 (9th Cir. Feb. 11, 2020).

## II. Petition

In his Petition, Petitioner names United States Attorney General William Barr, Acting DHS Secretary Chad Wolf, Executive Office for Immigration Review Director James McHenry, United States Immigration and Customs Enforcement Phoenix Field Office Director Enrique Lucero, and United States Immigration Judge Sean Keenan Respondents.[3] Petitioner asserts that the Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

Petitioner brings two grounds for relief. In Grounds One and Two, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the governing statute and implementing regulation, 8 U.S.C. § 1225(b)(1) and 8 C.F.R. § 208.30(d), and the Due Process Clause of the Fifth Amendment. Petitioner alleges DHS failed to employ the required non-adversarial procedures when conducting his credible fear interview, relied on outdated evidence that was inapplicable to his specific circumstances, failed to consider binding case law, and failed to apply the correct legal standard when evaluating his claims. Petitioner further alleges that the IJ failed to consider binding law, applied the wrong legal standard, and did not engage in a meaningful review of his claims.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other

---

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents Barr, Wolf, and Lucero or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition). However, the Court will dismiss Respondents McHenry and Keenan because the rationale articulated in *Armentero* would not extend to them.

relief from removal"; and (4) award him costs and attorneys' fees pursuant to the Equal Access to Justice Act. (Doc. 1 at 25-26.)

The Court will require Respondents Barr, Wolf, and Lucero to answer the Petition.

**III.     Motion for Preliminary Injunction and/or Temporary Restraining Order**

In his Motion, Petitioner moves the Court to enjoin his continued detention, enjoin Respondents from transferring him out of state, order Respondents to provide him with an individualized asylum hearing, and stay his removal from the United States while this action is pending.

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, on the other hand, must show that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (discussing Ninth Circuit's "serious questions" test). Where a movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions,* 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)).

A temporary restraining order (TRO) under Rule 65(b), unlike a preliminary injunction under Rule 65(a), may be entered before an adverse party has had an opportunity to respond. A TRO may issue if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

To the extent Petitioner seeks a new hearing on his asylum claims, release from custody, or to remain detained in Arizona, he has not demonstrated that he will suffer irreparable injury before Respondents can be heard in opposition. Nor has Petitioner demonstrated that he is at risk of imminent removal. Rather, as previously discussed, a temporary stay of Petitioner's removal has been entered by the Ninth Circuit. Petitioner therefore fails to meet his burden to demonstrate that he is entitled to immediate injunctive relief, and his Motion for Temporary Restraining Order will be denied. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (consistent with the "stringent" restrictions of Fed. R. Civ. P. 65(b), a temporary restraining order may be entered only to execute the "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). In its discretion, however, the Court will call for a response to the Motion for Preliminary Injunction and require that if the Ninth Circuit's temporary stay of removal is lifted and Respondents intend to remove Petitioner from the United States prior to the conclusion of this action, they must file and serve a "Notice of Intent to Remove" within such time as is reasonable and sufficient to allow Petitioner to file a motion for a stay of removal. Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2) is **denied without prejudice in part** as to Petitioner's Motion for Temporary Restraining Order.

(2) Respondents McHenry and Keenan are **dismissed without prejudice**.

(3) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus (Doc. 1), (3) the Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Motion for Preliminary Injunction and/or Temporary Restraining Order, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Wolf, and Lucero pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) Respondents shall have **30 days** from the date of service to answer the Petition for Writ of Habeas Corpus (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(5) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply. *Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer*.

(6) Respondents Barr, Wolf, and Lucero shall have **30 days** from the date of service to file a Response to Petitioner's Motion for Preliminary Injunction (Doc. 2).

(7) Petitioner shall have **15 days** from the filing of Respondents' Response to the Motion for Preliminary Injunction to file a Reply.

(8) If Respondents intend to remove Petitioner from the United States prior to the Court's disposition of this matter, Respondents must file a **"Notice of Intent to Remove"** with the Clerk of Court and serve a copy on Petitioner at least **10 days** prior to the planned removal, so as to allow Petitioner time to file a motion for a stay of removal.

(9) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(10) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

Dated this 25th day of February, 2020.

_____
Honorable Steven P. Logan
United States District Judge